IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY GETTINGS,

    Plaintiff,

    vs.

THE AMERICAN RACING
PIGEON UNION, INC., et al.,

    Defendants.

No. CIV S-08-1334-MCE-CMK

FINDINGS AND RECOMMENDATIONS

    Plaintiff, proceeding pro se, brings this civil action. Pending before the court is defendants' motion to dismiss (Doc. 5). Plaintiff filed an opposition to the motion (Doc. 12) and defendants have filed a reply (Doc. 13).

**I.    BACKGROUND**

    Plaintiff's complaint names the following defendants: The American Racing Pigeon Union, Inc.; All Current Officers, Directors, Former Officers and Directors in Office 1990-1993; and DOES 1-100. He alleges that, unbeknownst to him, he was expelled from The American Racing Pigeon Union, Inc., ("AU") on or about 1991, and that the expulsion was published in the AU national newsletter. He alleges that from 1991 to 2004 he had no contact with the AU, nor was he involved with any chapter of the AU. In 2005, plaintiff applied for membership in a local club, associated with AU. In 2007, he was informed that he had been expelled from the AU, and due to statements and other misdeeds by one or more local club

members, was denied membership. In addition, at a local club meeting, a letter from the AU addressed to plaintiff, of which he had no prior knowledge, regarding his expulsion was read to the general membership. On the basis of the facts alleged, plaintiff claims that the defendants, including American Racing Pigeon Union, Inc., Does 1-25, the Officers and Board of Directors (1990-1991), the Board of Directors (2007), and President Chuck Weaver, committed libel and slander against the plaintiff, willfully and wantonly caused plaintiff injury and harm to his character, failed to follow the American Racing Pigeon Union's constitution and by-laws, all of which caused him to lose income, and failed to disclose the employees' annual salary pursuant to the Oklahoma Code of Corporations. Plaintiff is demanding compensatory, general, special, incidental, and punitive damages "all of which are to be determined from the evidence at trial."

## II.     MOTION TO DISMISS

The defendants move to dismiss plaintiff's complaint pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim. The defendants argue that this court lacks subject matter jurisdiction over this matter as plaintiff's complaint presents no federal question and fails to meet the diversity jurisdiction requirements.

### A.     SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction. That limited jurisdiction includes cases involving diversity of citizenship, a federal question, or to which the United States is a party. It is presumed that federal courts are without jurisdiction over civil actions "and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 376 (1994) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936)). Jurisdiction must generally be determined prior to a federal court considering a case on its merits. See United States v. Larson, 302 F.3d 1016, 1019 (9th Cir. 2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)).

Federal district courts have original jurisdiction over "all civil actions arising

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Absent a federal question, a case not involving the United States may properly proceed in federal court only where there is complete diversity of citizenship between the parities and the amount in controversy exceeds the sum or value of $75,000. See 28 U.S.C. § 1332. A plaintiff is required to specifically plead the grounds for the court's jurisdiction in his complaint. See Fed. R. Civ. Proc. 8(a)(1), Century Sw. Cable Television, Inc. v. CIIF Assoc., 945 F.2d 803, 805 (9th Cir. 1994).

Here, plaintiff's complaint fails to allege the basis for federal subject matter jurisdiction. Plaintiff fails to identify the basis for federal jurisdiction and fails to plead facts supporting such jurisdiction. The Eastern District of California Local Rules require this information to be plead in the first allegation. See Local Rule 8-204.[1]  Plaintiff not only fails to allege this court's jurisdiction in the first paragraph of his complaint, he fails to allege it at all. Nowhere in his complaint does he assert the citizenship of himself or any of the defendants. Therefore, plaintiff's complaint should be dismissed for plaintiff's failure to allege federal subject matter jurisdiction.

However, going beyond the face of the complaint, the defendants have alleged the court lacks jurisdiction over this matter as there is no complete diversity of citizenship among the parities. The defendants allege that plaintiff is a California citizen, a fact plaintiff does not dispute. In addition, defendants have provided the court with the declaration of Karen Clifton-Schuenemann, the Executive Director of the AU, providing evidence that at least three of the current and/or past members of the Board of Directors of the Union, all of whom plaintiff alleges are defendants in this matter, are citizens of California. Plaintiff does not identify these defendants specifically by name, but they are identifiable by their position on the past and/or

---

[1] Local Rule 8-204 provides: "When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ. P. 8(a)(1), it (i) shall appear as the first allegation of any complaint . . . (ii) shall be styled "Jurisdiction," (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim."

1  present Board of Directors.

2  In response, plaintiff claims that the AU is an Oklahoma corporation, and this is
3  the basis for diversity jurisdiction.  He also claims that because he has not completed discovery,
4  he cannot confirm who will be added as individual defendants.[2]  However, plaintiff does not
5  address the fact that in his complaint he names "all current officers, directors, former officers
6  directors in office 1990-1993" as defendants  (See Complaint, Doc. 1).  Therefore, his claim that
7  he has not determined who he will add as defendants is not supported by his complaint.  Some of
8  his claims are specifically against the individual members of the Board of Directors.  (See, e.g.,
9   Complaint at 6-7, "Count X, Count XI, Count XII).  Therefore, the defendants, although not
10  identified by name in the complaint, are identifiable individuals.  The defendants have identified
11  at least three such individuals, Philip Absit, Nickolas Corini, and Bill Barger, and have indicated
12  these individuals are from California.  Plaintiff fails to dispute this evidence and/or produce
13  evidence that these individuals are citizens of another state.  See Kokkonen, 511 U.S. 376
14  (plaintiff, as the party asserting jurisdiction, bears burden of proof that jurisdiction does in fact
15  exist).  Diversity between plaintiff and the corporate defendant is not sufficient to provide this
16  court with jurisdiction.  There must be diversity among all the parties to the action before this
17  court has proper jurisdiction.

18  As three individual Board members appear to be citizens of California, this court
19  would only have jurisdiction over this matter if plaintiff was a citizen of another state.  Plaintiff's
20  complaint fails to allege his citizenship, but it appears he is also a citizen of California.[3]

---

[2]  Plaintiff's complaint does indicate DOE defendants.  However, in a federal action based on diversity jurisdiction, the use of DOE defendants is generally disfavored as the joining of a DOE defendant may defeat the court's jurisdiction.  See e.g., Garter-Bare Co. v. Munsingwear, Inc., 650 F.2d 975, 981 (9th Cir. 1980).  Although the use of DOE defendants is sometimes allowed, especially in federal question cases, here the individual board members who defeat diversity jurisdiction have been identified by the defense.

[3]  Plaintiff's pleadings indicate he resides in Anderson, California.  Residency, however, is not the same as citizenship.  If plaintiff is in fact a citizen of another state, he may provide proof of such to the court in his objections to these findings and recommendations.

Therefore, complete diversity among all parties to this action does not exist, and this court does not have jurisdiction over this case.[4]  The motion to dismiss should be granted on this basis.

### B. FAILURE TO STATE A CLAIM

As discussed above, this court does not have jurisdiction to hear this case.  Where a federal court lacks jurisdiction, the court should not entertain a motion to dismiss for failure to state a claim.  See Ramming v. United States, 281, F.3d 158, 161 (5th Cir. 2001); Li v. Chertoff, 480 F. Supp. 2d 1172, 1176 (SD CA 2007).  Accordingly, the court makes no findings as to the defendants' contention that plaintiff's complaint fails to state a claim.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that the defendants' motion to dismiss (Doc. 5) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 27, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[4] Defendants also raise an issue with the amount in controversy.  As the undersigned has found complete diversity among the parties to this action does not exist, the amount in controversy is irrelevant.